IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFRED BRAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-034-GPM |
| | ) |
| MERCK & COMPANY, INC., and | ) |
| WALGREENS HOME CARE, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On February 17, 2005, the Court granted Plaintiff's motion to remand this action to state court for lack of subject matter jurisdiction, along with Plaintiff's request for fees and costs associated therewith. Thereafter, Defendant Merck & Company, Inc. (Merck) filed a motion to vacate the Order awarding fees and costs, and Plaintiff filed his application for fees and costs totaling $1,120.00.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, and Merck contends that had it been allowed the opportunity to respond to Plaintiff's motion to remand, it

would have been able to establish fraudulent joinder. Merck argues in its motion that this Court's remand Order, and its previous Orders upon which the Court based the summary remand, were wrong. Merck wants the Court to find that the removal was in fact proper, that the motion for remand should have been denied, and, therefore, that the fee award was improper.

The Court stands by the analyses in its previous Orders and is keenly aware that what is before the Court is a motion to reconsider the fee award and not the remand itself. While Merck may feel justified in its attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. As set forth in the remand Order, in issuing the summary remand, the Court took into consideration the fact that a consolidation decision was pending before the Judicial Panel on Multidistrict Litigation and the fact that this Court had addressed these issues before and, in fact, Plaintiff had brought one of those cases to Merck's attention in an effort to prompt a consensual remand. The Court is convinced that under these circumstances, Plaintiff is entitled to his costs and actual expenses, including attorney fees, incurred as a result of Merck's improper removal as provided under § 1447(c). Accordingly, Merck's motion to vacate the fee award (Doc. 13) is denied.

Plaintiff seeks attorney fees in the amount of $1,120.00 and has submitted an itemization of the hours expended and the work completed. Merck argues that if any fees are awarded, they should be limited to $770.00 because expenses incurred after the remand was granted, *i.e.*, expenses in reviewing Merck's motion to vacate the fee award and in drafting a response thereto, are unrecoverable under § 1447(c). Merck relies on *Hotline Industries*, 236 F.3d at 367, for this

proposition. However, that case specifically provides:

> Indeed, we have likened § 1447(c) to Fed. R. Civ. P. 37(a)(4), the fee-shifting rule requiring the loser in certain discovery disputes to pay his opponent's legal expenses. Both rules contemplate that the victor should recoup his full outlay. As we reiterated in *Garbie*, 211 F.3d at 411, "The rationale of fee-*shifting* rules is that the victor should be made whole – should be as well off as if the opponent had respected his legal rights in the first place." Improper removal prolongs litigation (and jacks up fees). Under the American Rule parties bear their expenses in one court system, "but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Id*.

*Hotline Indus.*, 236 F.3d at 367-68. From this language, it is clear that attorney fees incurred as a result of Merck's motion to vacate the attorney fee award are recoverable under § 1447(c). To deny these expenses would fail to make Plaintiff whole. The additional fees incurred were a direct result of the removal and were caused by Merck's filing of the motion to vacate. Merck cannot now claim that with an award of only $770.00, Plaintiff would be as well off as if Merck had not wrongly removed this action in the first place. Accordingly, Plaintiff's application for fees in the amount of $1,120.00 (Doc. 15) is granted.

For the foregoing reasons, Merck's motion to vacate the order awarding fees and costs (Doc. 13) is **DENIED**, and Plaintiff's application for costs and expenses in the amount of $1,120.00 (Doc. 15) is **GRANTED**. Merck is **ORDERED** to pay Plaintiff his costs and expenses **on or before August 22, 2005**.

**IT IS SO ORDERED.**

DATED: 07/31/05

                                                s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                Chief United States District Judge